Joseph W. Balch *vs.* George W. Hallet & others.

Under a will which declares that all moneys paid as and for dividends on shares in any corporation held by trustees under the will " shall be deemed and taken to be income and be appropriated as income according to the provisions of my will, excepting such dividends as shall be made and declared expressly as dividends of capital," *cestuis que trust* for life are entitled to dividends on shares in a wharf corporation, of profits arising from purchasing land, filling up flats, laying out streets, and erecting, leasing and selling warehouses, although in part consisting of proceeds from the sales of real estate of the corporation, if it does not appear that the capital or the value of the shares has been thereby diminished; and even, *it seems,* if it does so appear.

Appeal from a decree of the judge of probate, allowing the account of the trustees under the will of George Hallet, in which they were credited with payments to *cestuis que trust* for life of dividends on stock in the Mercantile Wharf Corporation, incorporated by *St.* 1826, *c.* 13, with power to purchase a wharf estate in Boston, and " to sell their corporate property or any part thereof, and to lease, manage and improve, build, rebuild, pull down or alter the same; also to remove, construct, erect, repair or alter any buildings, wharf or wharves, docks, streets or passage ways, within said limits, according to their will and pleasure;" and who had, pursuant to their charter, purchased land, flats, wharves and stores, leased them, built other stores, filled up flats, made streets and sold some of the stores; using for these purposes moneys received from assessments on stock·

holders and from rents and sales of stores and lands. Dividends were from time to time made as dividends of the profits of the business of the corporation conducted as above stated. The shares in the corporation had increased in value during the trust. The charter and course of business of the corporation were well known to the testator, who devised the residue of his estate, after payment of debts, charges and legacies, in trust to pay the income thereof to his children for life, and afterwards to transfer the principal of each child to its issue, or in default of such issue to the testator's heirs at law; and further declared, " It is my will that all moneys which shall be paid as and for dividends on any investment that may be held by my trustees in any corporation or association shall be deemed and taken to be income, and be appropriated as income according to the provisions of my will; excepting such dividends as shall be made and declared expressly as dividends of capital."

The reason of appeal was, that upon the facts above stated the dividends must be deemed dividends of capital, and therefore be reinvested and retained by the trustees as part of the trust fund for the benefit of those interested in remainder.

This case was argued in writing by *T. B. Hall,* for the appellant and appellees.

BIGELOW, J.    The only question arising on this appeal is the one stated in the reason filed by the appellant; and the decision of it turns on the right of the trustees to the allowance of a credit in their account rendered to the judge of probate of certain dividends received from the Mercantile Wharf Corporation, which they have paid over to certain *cestuis que trust* for life under the will of George Hallet deceased. The position of the appellants is this : that the sums thus credited cannot properly be regarded as income or profits on said stock, to which alone, by the terms of the will, the *cestuis que trust* are entitled; but that they are in their nature an extraordinary bonus or unusual addition to the ordinary dividends, or profits of said stock, arising from the sale of part of the corporate property, and ought to be deemed substituted capital, and added to the principal fund, for the benefit of those who will be entitled thereto on the death of the *cestuis que trust* for life.

There can be no doubt of the general rule of law, applicable to trust estates, that when a dividend is declared and paid to trustees on funds in their hands derived from the sale of trust property, by which the principal fund is impaired or diminished, or where moneys are received as the proceeds of what are termed wasting securities, such as leasehold estates, which in progress of time will expire or perish or become of greatly diminished value, if the funds are held on a trust by which the income is to be paid for life to certain persons, and on their deaths the remainder is given to other persons, it will be the duty of the trustees to add such dividends or moneys to the principal fund so as to preserve it unimpaired for those entitled in remainder. *Paris* v. *Paris,* 10 Ves. 185. *Howe* v. *Dartmouth,* 7 Ves. 151. *Mills* v. *Mills,* 7 Sim. 509. Hill on Trustees (3d Amer. ed.) 386, 432.

But we do not see that, on the facts stated by the parties, this rule is at all applicable to the present case. There is nothing from which it appears that the dividends which the trustees have paid over to the *cestuis que trust* for life, and for which they claim credit in their account, are of a nature which in any degree impairs the value of the principal fund, or should cause them to be regarded as paid out of the capital stock of the corporation. The main purpose for which the corporation was established, from which these moneys were received, was to purchase a large quantity of real estate lying in that part of the city where wharf property and stores would, in the course of time, be much needed ; and by filling up flats, making streets, erecting stores and carrying forward other improvements, to increase the value of the estate thus purchased and enlarged and improved, and thereby to obtain large gains and profits on the original investment or capital stock. It is in the nature of a trading corporation. Property invested in its capital stock is to be regarded in the same light as shares in an insurance, manufacturing or banking corporation. In the absence of any facts showing that the dividends in question were a part of the capital of the corporation, or that the payment of them essentially impaired or diminished the value of the shares, they are to be taken as part of the revenue or profits to which the *cestuis que trust* for life are entitled.

The testator himself probably had in view property of the nature of these shares in the Mercantile Wharf Corporation, which he owned at the time of his decease, in making the provisions in his will, in which he directs that " all moneys which shall be paid as and for dividends on any investment that may be held by my trustees in any corporation or association shall be deemed and taken to be income, and be appropriated as income according to the provisions of my will; excepting such dividends as shall be made and declared expressly as dividends of capital."

Under this clause we are inclined to think the trustees would have been well authorized in making payments of these dividends, which were not declared as dividends of capital, to the *cestuis que trust* for life, even if it had been made to appear that they did encroach on the value of the principal fund.

*Decree affirmed.*